**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES *ex rel.* | ) | |
| | ) | |
| HEATHCOTE HOLDINGS CORP, INC., | ) | |
| An Illinois Corporation, Relator | ) | Civil Action No. 11-cv-1921 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| L'OREAL USA INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**COMPLAINT FOR FALSE PATENT MARKING AND INJUNCTIVE RELIEF**

Relator, HEATHCOTE HOLDINGS CORP., INC., (herein referred to as "HEATHCOTE"), by its attorneys, hereby complains against DEFENDANT L'OREAL USA INC. as follows:

**I. NATURE OF THE CASE**

1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2. HEATHCOTE brings this action under 35 U.S.C. §292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

3. When a patent expires, all prospective rights in the patent terminate irrevocably.

4. A product marked with an expired patent is not protected by that patent.

5. As set forth below, L'OREAL USA INC. has violated 35 U.S.C. §292(a) by marking upon, or affixing to, or using in advertising, certain of their products with language indicating that the products are protected by patents which do not cover the products by virtue of the fact that the patents have expired.

## II. THE PARTIES

6. HEATHCOTE is an Illinois corporation with its principal place of business in Evanston, Illinois 60202.

7. L'OREAL USA INC. ("L'Oreal") is a corporation established under the laws of the State of Delaware with their principal places of business at in New York, New York.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c) and 1395(a), because L'Oreal has marked upon, or affixed to, or used in advertising, falsely marked products that were and are offered for sale and purchased in this District.

10. This Court has personal jurisdiction over L'Oreal because it has sold and continue mark upon, or affix to, or use in advertising, falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that the products would be sold in Illinois and in this District. Such sales by L'Oreal are substantial, continuous, and systematic.

## IV. THE SUBJECT PATENTS

11. The subject patents identified below, United States Patent Nos. 4,673,568, 5,114,429, 5,137,538, 5,279,620 (the "subject patents") have all expired.

12. Patent No. 4,673,568 (the "'568 patent") was filed on December 31, 1984.

13. The '568 patent is subject to a foreign priority filing dated August 13, 1984.

14. The '568 patent was issued on June 16, 1987.

15. The '568 patent expired on or about August 13, 2004.

16. A true and correct copy of the '568 patent is attached as Exhibit A.

17. United States Patent No. 5,114,429 (the "'429 patent") was filed on September 6, 1989.

18. The '429 patent is subject to a foreign priority filing dated September 6, 1988.

19. The '429 patent was issued on May 19, 1992.

20. The '429 patent expired on or about September 6, 2008.

21. A true and correct copy of the '429 patent is attached as Exhibit B.

22. Patent No. 5,279,620 (the "'620 patent") was filed April 20, 1992.

23. The '620 patent is subject to a foreign priority filing dated September 8, 1989 .

24. The '620 patent was issued on January 18, 1989.

25. The '620 patent expired on or about September 8, 2009.

26. A true and correct copy of the '620 patent is attached as Exhibit C.

27. Patent No. 5,137,538 (the "'538 patent") was filed August 29, 1991.

28. The '538 patent is subject to a foreign priority filing dated September 8, 1988 .

29. The '538 patent was issued on January 18, 1989.

30. The '538 patent expired no later than on or about September 8, 2008.

31. A true and correct copy of the '538 patent is attached as Exhibit D.

## V. ADDITIONAL FACTS IN SUPPORT OF INTENT TO DECEIVE

32. After the subject patents expired, L'Oreal intentionally applied, marked and affixed the subject patents to the hair dye products that are identified below.

33. L'Oreal has intentionally applied, marked and affixed the subject patents to the hair dye products that are identified below for at least one year prior to the filing of this Complaint. On information and belief, the subject patents have been marked on the below identified products since shortly after the patents were issued.

34. Products marked with the subject patents are currently on in local retail stores in the Chicagoland area despite the fact that L'Oreal has been sued for marking cosmetic and hair dye products with expired patents, including the subject patents.

35. Despite the fact that L'Oreal has been sued for marking cosmetic and hair dye products with expired patents, L'Oreal has not taken any steps to place stickers on the subject products to cover up the subject patents

36. On information and belief, L'Oreal continues to apply, mark and affix the '620 patent to the hair dye products that are identified below.

37. L'Oreal is a sophisticated company with many decades of experience applying for, obtaining, and litigating patents, and there knows that patents do not have unlimited scope, but rather, have a scope limited to that which is claimed.

38. L'Oreal's 2009 Sustainable Development Report 2009 Annual Report state that it registered 974 patents in 2009.

39. L'Oreal's 2008 Sustainable Development Report states that it registered 628 patents in 2008.

40. L'Oreal employs in house patent counsel who are responsible for applying for patents.

41. L'Oreal employs in house patent counsel or other persons who are responsible for reviewing the payment of maintenance fees.

42. L'Oreal caused all of the applicable maintenance fees for the subject products to be paid.

43. L'Oreal employs in house patent counsel or other persons who are responsible for tracking the life of patents owned by L'Oreal.

44. L'Oreal employs in house patent counsel who are responsible for ensuring that patents are affixed to products sold by L'Oreal.

45. It is L'Oreal's practice to examine product packaging mockups.

46. When L'Oreal's employees examine packaging mockups, the patents that may or may have applied to the product in question are identified on a mockup.

47. During this process, patent information is updated to include newly acquired patents.

48. One or more persons employed by L'Oreal participates in the above described practice.

49. It is L'Oreal's practice to examine product ingredients.

50. When L'Oreal's employees examine the ingredients, the patents that may or may have applied to the product in question product are identified by the person(s) examining the ingredients.

51. One or more persons employed by L'Oreal participates in the above described practice.

5

52. In certain circumstances involving products subject to other lawsuits, L'Oreal have failed to remove expired patents from product packaging after the patent had expired.

53. In certain circumstances involving products subject to other lawsuits, L'Oreal failed to remove expired patent(s) from ingredient lists after the patent(s) had expired.

54. In certain circumstances involving products subject to other lawsuits, product packaging has been modified after one or more patents have expired.

55. On information and belief, based upon information produced in another false marking case involving L'Oreal, the following individuals may have been involved in examining and marking the subject patents on the below identified products: Maria Luisa Balasta; Lynn Rubino; Shea Sullivan; and Sandra Funatake.

56. These individuals did so at the direction and knowledge of L'Oreal.

57. L'Oreal has known and knows that marking, affixing or using in advertising their products with expired patents was illegal under Title 35 United States Code.

58. At a minimum, L'Oreal had no reasonable basis to believe that their use of the expired patents was or is proper or otherwise permitted under federal law.

59. L'Oreal has continued to mark and/ship products with the subject patents despite being sued in other lawsuits for other cosmetics products, including hair dyes.

60. Based upon the above facts, in violation of 35 U.S.C. §292, L'Oreal knew that the subject patents expired and thereafter chose to affix the subject patents on the products described below with the intent to deceive the public and competition into thinking that the identified products were protected by the subject patents.

130075266v2 0910016 57483

61. Each false marking on the products identified herein is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

62. L'Oreal's false marking of their products with the subject patents has wrongfully quelled competition with respect to such products and has caused harm to competitors, HEATHCOTE, the United States, and the public.

## COUNT I

### "NEW COULEUR EXPERTE® EXPRESS" HAIR DYE PRODUCTS

63. For each count of this Complaint, HEATHCOTE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth therein.

64. DEFENDANT has marked and affixed the '429 patent to the following "New Couleur Experte® Express" hair dye products:

      a. 5.1 Truffle;

      b. 6.0 Almond;

      c. 6.1 French Éclair;

      d. 7.0 Biscotti;

      e. 7.1 Vanilla Icing;

      f. 8.0 Toasted Coconut;

      g. 8.2 Iced Meringue;

      h. 9.2 Crème Brulee; and

      i. On information and belief, L'Oreal has marked and affixed the '429 patent on additional "Superior Preference®" hair dye products.

130075266v2 0910016 57483

65. L'Oreal has marked and affixed the '620 patent to the following "New Couleur Experte® Express" hair dye products:

    a.    6.3 Brioche;

    b.    On information and belief, L'OREAL has marked and affixed the '538 patent on additional "Superior Preference®" hair dye products.

## COUNT II

## "SUPERIOR PREFERENCE®" HAIR DYE PRODUCTS

66. For each count of this Complaint, HEATHCOTE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth therein.

67. L'OREAL has marked and affixed the '429 patent to the following "Superior Preference®" hair dye products:

    a.    8A Ash Blond;

    b.    8 ½ A Champagne Blond;

    c.    LB01 Extra Light Ash Blond;

    d.    2B Purest Black;

    e.    3 Soft Black;

    f.    On information and belief, L'OREAL has marked and affixed the '429 patent on additional "Superior Preference®" hair dye products.

68. L'OREAL has marked and affixed the '538 patent to the following "Superior Preference® " hair dye products:

    a.    8 ½ A Champagne Blond;

    b.    LB01 Extra Light Ash Blond;

130075266v2 0910016 57483

      c.      On information and belief, L'OREAL has marked and affixed the '538 patent on additional "Superior Preference®" hair dye products.

69.      L'OREAL has marked and affixed the '620 patent to the following "Superior Preference® " hair dye products:

      a.      4SM Dark Soft Mahogany Brown;

      b.      On information and belief, L'OREAL has marked and affixed the '538 patent on additional "Superior Preference®" hair dye products.

## COUNT III

## "FERIA®" HAIR DYE PRODUCTS

70.      For each count of this Complaint, HEATHCOTE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth therein.

71.      L'OREAL has marked and affixed the '429 patent to the following "Feria®" hair dye products:

      a.      B61 Hi-Lift Cool Brown

      b.      On information and belief, L'OREAL has marked and affixed the '429 patent on additional "Feria®" hair dye products.

## COUNT IV

## "EXCELLENCE® CREME" HAIR DYE PRODUCTS

72.      For each count of this Complaint, HEATHCOTE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth therein.

73.      L'OREAL has marked and affixed the '538 patent to the following "Excellence® Creme" hair dye products:

      a.      3 Natural Black; and

    b.    On information and belief, L'OREAL has marked and affixed the '568 patent on additional "Excellence® Creme" hair dye products.

## COUNT V

## "HEALTHY LOOK™" HAIR DYE PRODUCTS

74. For each count of this Complaint, HEATHCOTE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth therein.

75. L'OREAL has marked and affixed the '620 patent to the following "HEALTH LOOK™ Crème Gloss Color" hair dye products:

    a.    6G Light Golden Brown;

    b.    On information and belief, L'OREAL has marked and affixed the '620 patent on additional "HEALTH LOOK™ Crème Gloss Color" hair dye products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against L'Oreal as follows:

(a) A decree that L'OREAL has falsely marked products in violation of 35 U.S.C. § 292;
(b) An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;
(c) An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;
(d) Injunctive relief to preclude the further sales, shipping and packaging of the subject patents on the above identified products;
(e) Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

130075266v2  0910016  57483

Respectfully submitted,

/s/ James C. Vlahakis
James C. Vlahakis
Hinshaw & Culbertson LLP
222 N. LaSalle Suite 300
Chicago IL  60601
(312)704-3715
(312)704-3001 (fax)
jvlahakis@hinshawlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 18, 2011, I electronically filed the above document with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system.

By: <u>/s/ James C. Vlahakis</u>
James C. Vlahakis
Hinshaw & Culbertson LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
t 312-704-300
f 312-704-3001
jvlahakis@hinshawlaw.com

130075266v2 0910016 57483